IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| United States of America ) | |
| ) | Cr. No.: 7:99-610-HMH |
| vs. ) | |
| ) | **OPINION & ORDER** |
| Brooks James Terrell, ) | |
| ) | |
| Movant. ) | |

This matter is before the court on Brooks James Terrell's ("Terrell") motion to modify his term of imprisonment made pursuant to 18 U.S.C. § 3582(c)(2). Upon a careful review of Terrell's motion, the record, and the relevant law, the court denies Terrell's motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On November 3, 1999, Terrell was found guilty by a jury on four counts: one count of carjacking in violation of 18 U.S.C. § 2119 ("count 1"), one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) ("count 2"), one count of using, carrying, and discharging a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(iii) ("count 3"), and one count of possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1) ("count 4"). Terrell was sentenced on January 28, 2000, to two hundred sixty-two (262) months' imprisonment as to count 1, one hundred twenty (120) months' imprisonment as to count 2, and two hundred forty (240) months' imprisonment as to count 4, to be served concurrently, and he was sentenced to life imprisonment as to count 3, to be served consecutively to the sentence imposed for counts 1, 2, and 4. Terrell appealed his sentence, and on December 8, 2000, the

United States Court of Appeals for the Fourth Circuit vacated his sentence and remanded the case for resentencing.

Terrell was resentenced on February 6, 2001, and his sentence consisted of a total term of imprisonment of three hundred eighty-two (382) months: two hundred sixty-two (262) months as to count 1, one hundred twenty (120) months as to count 2, two hundred forty (240) months as to count 4, all to be served concurrently, and one hundred twenty (120) months on count 3, served consecutively to the sentence for counts 1, 2, and 4.

Terrell appealed his sentence, and the Fourth Circuit affirmed the sentence on November 5, 2001. United States v. Terrell, No. 01-4154, 2001 WL 1354822 (4th Cir. Nov. 5, 2001) (unpublished). Terrell did not file a petition for certiorari with the United States Supreme Court. On November 18, 2002, Terrell filed a motion pursuant to 28 U.S.C. § 2255, arguing that his trial attorney had rendered constitutionally ineffective assistance. The court found that Terrell's § 2255 motion was without merit and dismissed the motion on December 17, 2002. United States v. Terrell, C.A. No. 02-3896 (D.S.C. Dec. 17, 2002) (unpublished). Terrell appealed the dismissal of his § 2255 motion, but the Fourth Circuit denied his request for a certificate of appealability and dismissed his appeal on April 1, 2003. United States v. Terrell, No. 03-6253, 2003 WL 1712142 (4th Cir. Apr. 1, 2003) (unpublished). Terrell attempted to collaterally attack his sentence a second time by filing a letter which was construed as his second § 2255 motion. The court dismissed his second § 2255 motion as successive, and, on appeal, the Fourth Circuit again denied his request for a certificate of appealability and dismissed his appeal. United States v. Terrell, No. 05-7083,

2005 WL 2503270 (4th Cir. Oct. 11, 2005) (unpublished). On November 29, 2005, Terrell filed this motion for modification of sentence.

## II. DISCUSSION OF THE LAW

Section 3582(c)(2) allows the court to reduce a defendant's sentence if it was based on a sentencing range which was subsequently lowered by an amendment to the United States Sentencing Guidelines ("U.S.S.G.") and if that reduction would be consistent with the policy set forth in the U.S.S.G. See 18 U.S.C. § 3582(c)(2) (West 2000). Section 1B1.10(a) of the U.S.S.G. states:

> Where a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2).

U.S. Sentencing Guidelines Manual § 1B1.10(a) (2004).

Terrell argues that pursuant to Amendment 599 of the United States Sentencing Guidelines, the court is authorized to lower his sentence. However, Amendment 599 provides Terrell with no relief.

Terrell argues that the cross-reference used in calculating his sentence on count 3 pursuant to U.S.S.G. 2K2.1(c)(1)(A) is "precisely the type of enhancement prohibited by the [United States Sentencing] Commission's retroactive application of Amendment 599," citing United States v. Brown, 332 F.3d 1341 (11th Cir. 2003), and United States v. Goines, 357 F.3d 469 (4th Cir. 2004), for that proposition. (Mot. Modification Sentence 6.) However, Brown and Goines both considered sentencing enhancements under U.S.S.G. 2K2.1(b)(5) and 2D1.1(b)(1), respectively, not a cross-reference under 2K2.1(c)(1)(A). See Brown, 332 F.3d

3

at 1343; Goines, 357 F.3d at 472-73. Terrell's argument that Amendment 599 prohibits the 2K2.1(c)(1)(A) cross-reference is squarely barred by the Fourth Circuit's holding in United States v. Palmer, No. 02- 4542, 2003 WL 1849169, at *2 (4th Cir. Apr. 10, 2003) (unpublished) ("Application Note 2 [of Amendment 599] specifically prohibits a weapon enhancement under § 2K2.1(b)(5), but does not prohibit application of the cross reference in § 2K2.1(c)(1)(A). The Sentencing Commission could have, but did not, prohibit application of the cross reference . . . .").[1]

It is therefore

**ORDERED** that Terrell's § 3582(c)(2) motion is denied.

**IT IS SO ORDERED.**

        s/ Henry M. Herlong, Jr.
        United States District Judge

Greenville, South Carolina
December 9, 2005

### NOTICE OF RIGHT TO APPEAL

The movant is hereby notified that he has the right to appeal this order within ten (10) days from the date hereof pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[1] The court recognizes that, absent unusual circumstances, the citation of unpublished opinions by the Fourth Circuit is disfavored. See U.S. Ct. App. 4th Cir. Rule 36(c). However, because there is no published opinion in the Fourth Circuit on point, the court believes its reference to the above-mentioned case is appropriate.