IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | Cr. No. 7:99-610-HMH |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| Brooks James Terrell, | ) | |
| | ) | |
| Movant. | ) | |

This matter is before the court on Brooks James Terrell's ("Terrell") motion for a modification of sentence pursuant to 18 U.S.C. § 3582(c)(2). Based on the following, the court denies Terrell's motion.

On November 3, 1999, a jury found Terrell guilty of one count of carjacking, one count of felon in possession of a firearm, one count of discharging a firearm during the commencement of the carjacking, and one count of possession with the intent to distribute crack cocaine. On March 27, 2002, the court sentenced Terrell to life imprisonment.

On February 4, 2000, Terrell filed a notice of appeal, and on December 19, 2000, the United States Court of Appeals for the Fourth Circuit vacated Terrell's sentence and remanded the case for re-sentencing. On January 31, 2001, the court re-sentenced Terrell to three hundred eighty-two (382) months' imprisonment. On February 15, 2001, Terrell filed a notice of appeal, and on November 29, 2001, the Fourth Circuit affirmed Terrell's sentence and conviction. On June 11, 2007, Terrell filed the instant motion.[1]

Section 3582(c)(2) provides the following:

---

[1] See Houston v. Lack, 487 U.S. 266 (1988).

1

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2) (2000).

In his motion for a reduction of sentence, Terrell asserts that a six-level enhancement he received pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 2B3.1(b)(3)(C) and a two-level enhancement he received pursuant to U.S.S.G. § 2B3.1(b)(5) violate U.S.S.G. Amendment 599, and that his sentence should be reduced accordingly. (Terrell's Mot. Modification Sentence 6.) Terrell's argument is without merit.

On November 1, 2000, U.S.S.G. Amendment 599 went into effect. U.S.S.G. § 1B1.10 made Amendment 599 retroactive. "Amendment 599 addresses the circumstances under which a court may impose a weapons enhancement on a defendant convicted of a violation of 18 U.S.C. § 924(c)." United States v. Smalls, 444 F. Supp. 2d 500, 501 (D.S.C. 2006). Terrell did not receive a weapons enhancement. He received a six-level enhancement because a victim suffered permanent or life-threatening bodily injury and a two-level enhancement because the case involved carjacking. "Thus, Amendment 599 does not apply to or modify the guidelines under which he was sentenced." Id. at 501 (internal quotation marks omitted). Based on the foregoing, Terrell's motion for a reduction of sentence is denied.

Therefore, it is

**ORDERED** that Terrell's motion for a reduction of sentence, docket number 56, is denied.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.<br>United States District Judge

Greenville, South Carolina
June 19, 2007

**NOTICE OF RIGHT TO APPEAL**

The movant is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.