IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | Cr. No. 7:99-610-HMH |
| vs. | ) | |
| | ) | |
| Brooks James Terrell, | ) | **OPINION & ORDER** |
| | ) | |
| Movant. | ) | |

This matter is before the court on Brooks James Terrell's ("Terrell") motion for a reduction of his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2). Upon careful review of the motion, the record, and the relevant law, the court denies Terrell's motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On November 3, 1999, Terrell was found guilty by a jury on four counts: one count of carjacking in violation of 18 U.S.C. § 2119 ("count 1"), one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) ("count 2"), one count of using, carrying, and discharging a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(iii) ("count 3"), and one count of possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1) ("count 4"). Terrell was sentenced on January 28, 2000, to two hundred sixty-two (262) months' imprisonment as to count 1, one hundred twenty (120) months' imprisonment as to count 2, and two hundred forty (240) months' imprisonment as to count 4, all such terms to be served concurrently, and he was sentenced to life imprisonment as to count 3, to be served consecutively to the sentence imposed for counts 1, 2, and 4. Terrell appealed his sentence, and on December 6, 2000, the United States Court of Appeals for the Fourth Circuit granted the government's motion to vacate his sentence and

remand for resentencing. United States v. Terrell, No. 00-4118 (4th Cir. Dec. 6, 2000) (unpublished).

Terrell was resentenced on February 6, 2001, to two hundred sixty-two (262) months' imprisonment as to count 1, one hundred twenty (120) months' imprisonment as to count 2, two hundred forty (240) months' imprisonment as to count 4, all such terms to be served concurrently, and one hundred twenty (120) months' imprisonment as to count 3, to be served consecutively to the sentence imposed for counts 1, 2, and 4.

On November 29, 2005, Terrell filed a pro se motion for reduction of his sentence pursuant to § 3582(c)(2). The court denied Terrell's motion on December 9, 2005. Terrell appealed the court's denial on January 27, 2006. The Court of Appeals for the Fourth Circuit affirmed this court's denial of the motion on April 11, 2007. United States v. Terrell, No. 06-6165, 2007 WL 1087738, at *1 (4th Cir. Apr. 11, 2007) (unpublished). Terrell filed a second motion to reduce his sentence on June 11, 2007. The court denied the motion on June 19, 2007. Terrell filed an appeal on August 14, 2007. The Fourth Circuit affirmed the court's denial of the motion on November 17, 2008. United States v. Terrell, No. 07-7223, 2008 WL 4907684, at *1 (4th Cir. Nov. 17, 2008) (unpublished). Terrell filed the instant motion for modification of sentence on February 16, 2010.

## II. Discussion of the Law

Section 3582(c)(2) allows the court to reduce a defendant's sentence if it was based on a sentencing range which was subsequently lowered by an amendment to the United States Sentencing Guidelines ("U.S.S.G.") and if that reduction would be consistent with the policy set forth in the U.S.S.G. See 18 U.S.C. § 3582(c)(2) (2002). Section 1B1.10(a) of the U.S.S.G. states:

2

> In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. [§] 3582(c)(2).

U.S.S.G. Manual § 1B1.10(a) (2009). Terrell argues that the court is authorized to reduce his sentence pursuant to Amendments 591 and 599 of the U.S.S.G. However, neither Amendment 591 nor 599, are applicable to Terrell.

First, Terrell argues that the sentencing court did not "apply the offense guideline referenced in the statutory Index for the statute of conviction" as Amendment 591 requires. (Mot. Modification Sentence 4.) Amendment 591 "requires a sentencing court to apply the offense guideline referenced in the Statutory Index in Appendix A based on the statute of conviction, rather than a defendant's actual conduct." United States v. Harris, No. 05-6988, 2006 WL 1194471, at *1 (4th Cir. May 3, 2006) (unpublished). "The amendment clarified USSG §§ 1B1.1 and 1B1.2, which some circuits had interpreted as permitting a court to use an offender's actual conduct in selecting the offense guideline, even if that conduct was not charged in the indictment." United States v. Jones, No. 04-7981, 2005 WL 1793574, at *1 (4th Cir. July 29, 2005) (unpublished). "However, Amendment 591 does not impact how the base offense level is calculated within the appropriate guideline. Instead, Amendment 591 affects which guideline will be used in determining the base offense level." Id.

Terrell's Presentence Investigation Report ("PSR") correctly sets forth the offense guidelines referenced in the statutory index based on the statute of conviction for each of Terrell's four offenses. (PSR 6-7.) At sentencing, the court adopted the findings in the PSR, including the guideline calculations. (January 28, 2000 Sentencing Tr. 3.) As stated above,

3

Amendment 591 does not apply to the subsequent selection of the base offense level once the court has correctly chosen the correct applicable offense guidelines. Accordingly, Amendment 591 is not applicable to Terrell and his allegation is without merit.

Second, Terrell alleges that Amendment 599 "expressly prohibits" the enhancements he received for "three counts of conviction [for] substantially the same harm." (Mot. Modification Sentence 5.) The instant motion is Terrell's third attempt to request a modification of his sentence pursuant to Amendment 599. The instant motion is merely a recitation of Terrell's previous arguments. In a December 9, 2005 Order, this court denied Terrell's motion for a modification of sentence explaining that

> Amendment 599 provides Terrell with no relief. Terrell argues that the cross-reference used in calculating his sentence on count 3 pursuant to U.S.S.G. 2K2.1(c)(1)(A) is "precisely the type of enhancement prohibited by the [United States Sentencing] Commission's retroactive application of Amendment 599," citing United States v. Brown, 332 F.3d 1341 (11th Cir. 2003), and United States v. Goines, 357 F.3d 469 (4th Cir. 2004), for that proposition. (Mot. Modification Sentence 6.) However, Brown and Goines both considered sentencing enhancements under U.S.S.G. 2K2.1(b)(5) and 2D1.1(b)(1), respectively, not a cross-reference under 2K2.1(c)(1)(A). See Brown, 332 F.3d at 1343; Goines, 357 F.3d at 472-73. Terrell's argument that Amendment 599 prohibits the 2K2.1(c)(1)(A) cross-reference is squarely barred by the Fourth Circuit's holding in United States v. Palmer, No. 02- 4542, 2003 WL 1849169, at *2 (4th Cir. Apr. 10, 2003) (unpublished) ("Application Note 2 [of Amendment 599] specifically prohibits a weapon enhancement under § 2K2.1(b)(5), but does not prohibit application of the cross reference in § 2K2.1(c)(1)(A). The Sentencing Commission could have, but did not, prohibit application of the cross reference . . . .").

(Dec. 9, 2005 Order 3-4.) Likewise, in a June 19, 2007 Order, the court denied Terrell's motion for a modification of his sentence based on Amendment 599. The court explained that Terrell "received a six-level enhancement because a victim suffered permanent or life-threatening bodily injury and a two-level enhancement because the case involved carjacking. 'Thus, Amendment

4

599 does not apply to or modify the guidelines under which he was sentenced.'" (June 19, 2007 Order (internal citation omitted).)

For the foregoing reasons and for the reasons detailed in this court's December 9, 2005 and June 19, 2007 Orders, Terrell's motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) is denied.

Therefore, it is

**ORDERED** that Terrell's motion for a reduction of sentence, docket number 80, is denied.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
March 16, 2010

### NOTICE OF RIGHT TO APPEAL

Movant is hereby notified that he has the right to appeal this order within ten (10) days from the date hereof, pursuant to Rule 4 of the Federal Rules of Appellate Procedure.