IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| United States of America | ) |
| | ) Cr. No. 7:99-610-HMH |
| | ) |
| vs. | ) **OPINION AND ORDER** |
| | ) |
| Brooks James Terrell, | ) |
| | ) |
| Movant. | ) |

This matter is before the court on Brooks James Terrell's ("Terrell") motion for a reduction of his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2). After review, and for the reasons explained below, the court denies Terrell's motion.

**I. FACTUAL AND PROCEDURAL HISTORY**

On November 3, 1999, a jury convicted Terrell on four counts: one count of carjacking in violation of 18 U.S.C. § 2119 ("count 1"); one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) ("count 2"); one count of using, carrying, and discharging a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(iii) ("count 3"); and one count of possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1) ("count 4"). Terrell was sentenced on January 28, 2000, to two hundred sixty-two (262) months' imprisonment as to count 1, one hundred twenty (120) months' imprisonment as to count 2, and two hundred forty (240) months' imprisonment as to count 4, all such terms to be served concurrently, and he was sentenced to life imprisonment as to count 3, to be served consecutively to the sentence imposed for counts 1, 2, and 4. Terrell

1

appealed his sentence, and on December 6, 2000, the United States Court of Appeals for the Fourth Circuit granted the government's motion to vacate his sentence and remand for resentencing. United States v. Terrell, No. 00-4118 (4th Cir. Dec. 6, 2000) (unpublished).

Terrell was resentenced on February 6, 2001, to two hundred sixty-two (262) months' imprisonment as to count 1, one hundred twenty (120) months' imprisonment as to count 2, two hundred forty (240) months' imprisonment as to count 4, all such terms to be served concurrently, and one hundred twenty (120) months' imprisonment as to count 3, to be served consecutively to the sentence imposed for counts 1, 2, and 4.

On November 29, 2005, Terrell filed a pro se motion for reduction of his sentence pursuant to § 3582(c)(2). The court denied Terrell's motion on December 9, 2005. Terrell appealed the court's denial on January 27, 2006. The Fourth Circuit affirmed this court's denial of the motion on April 11, 2007. United States v. Terrell, No. 06-6165, 2007 WL 1087738, at *1 (4th Cir. Apr. 11, 2007) (unpublished). Terrell filed a second motion to reduce his sentence on June 11, 2007. The court denied the motion on June 19, 2007. Terrell filed an appeal on August 14, 2007, and the Fourth Circuit affirmed the court's denial of the motion on November 17, 2008. United States v. Terrell, No. 07-7223, 2008 WL 4907684, at *1 (4th Cir. Nov. 17, 2008) (unpublished). On February 19, 2010, Terrell filed a third motion for modification of sentence, which the court denied on March 16, 2010. Terrell filed an appeal on March 26, 2010, and on June 28, 2010, the Fourth Circuit again affirmed the court's denial of the motion. United States v. Terrell, No. 10-6551, 2010 WL 2640026, at *1 (4th Cir. June 28, 2010). Terrell filed the instant motion for reduction of his sentence on October 5, 2010.

## II. DISCUSSION OF THE LAW

Section 3582(c)(2) allows the court to reduce a defendant's sentence if it was based on a sentencing range that was subsequently lowered by an amendment to the United States Sentencing Guidelines ("U.S.S.G.") and if that reduction would be consistent with the policy set forth in the U.S.S.G. See 18 U.S.C. § 3582(c)(2) (2002). Section 1B1.10(a) of the U.S.S.G. states:

> In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. [§] 3582(c)(2).

U.S.S.G. Manual § 1B1.10(a) (2009). Terrell argues that the court is authorized to reduce his sentence pursuant to Amendment 599 of the U.S.S.G. Specifically, Terrell contends that Amendment 599, which amended Application Note 4 to § 2K2.4 in 2000, precludes a four-level enhancement that the court applied to Terrell's sentence for the § 922(g) count.

In factoring Terrell's sentence for the § 922(g) count, the court applied the cross reference in § 2K2.1(c)(1)(A), which instructs the court to calculate a sentence using § 2X1.1 "[i]f the defendant used or possessed any firearm in connection with the commission or attempted commission of another felony or offense." Section 2X1.1 provides that the base offense level and any adjustments are taken from the guideline for the substantive offense. The court, therefore, calculated Terrell's base offense level under § 2A2.1(a)(1) (Assault with Intent to Commit Murder; Attempted Murder), and it imposed a four-level enhancement under § 2A2.1(b)(1)(A) because the victim sustained permanent or life-threatening injuries. Terrell challenges the court's

3

application of the four-level enhancement, contending that it is prohibited by Application Note 4 to § 2K2.4.

The Sentencing Commission amended Application Note 4 "to clarify under what circumstances defendants sentenced for violations of 18 U.S.C. § 924(c) in conjunction with convictions for other offenses may receive weapon enhancements contained in the guidelines for those other offenses." U.S.S.G. Manual app. C (Nov. 1, 2003) amend. 599. In its current form, Application Note 4 provides that "[i]f the . . . weapon that was possessed . . . in the course of the underlying offense also results in a conviction that would subject the defendant to an enhancement under § 2K1.3(b)(3) . . . or § 2K2.1(b)(6) . . . , do not apply that enhancement." Application Note 4, therefore, avoids duplicative punishment by proscribing weapons enhancements for conduct that is already accounted for in the sentencing calculus for related conduct. See U.S.S.G. § 2K2.4 cmt. n.4 (2009). Terrell contends that application of the four-level enhancement for the victim's permanent or life-threatening injuries contravenes § 2K2.4 because that conduct "was already taken into account in determining [his] guideline range under § 2B3.1(b)(3)(c)." (Mot. Modification Sentence 4.)

Terrell's reliance on Amendment 599 and Application Note 4 is misplaced. As explained above, Amendment 599 was drafted to clarify the circumstances under which sentencing courts could impose a weapons enhancement. Here, the court imposed a four-level enhancement because the victim sustained permanent or life-threatening bodily injury. Terrell effectively asks the court to interpret Application Note 4 as imposing a bar not only to certain weapon enhancements, but also enhancements under § 2A2.1(b)(1)(A). The court declines to do so.

It is therefore

**ORDERED** that Terrell's motion for a reduction of sentence, docket number 94, is denied.

**IT IS SO ORDERED.**

                                                    s/Henry M. Herlong, Jr.
                                                    Senior United States District Judge

Greenville, South Carolina
November 3, 2010

**NOTICE OF RIGHT TO APPEAL**

Movant is hereby notified that he has the right to appeal this order within ten (10) days from the date hereof, pursuant to Rule 4 of the Federal Rules of Appellate Procedure.