IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| United States of America | ) | Cr. No. 7:99-610-HMH |
| | ) | |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| Brooks James Terrell, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Defendant Brooks James Terrell's ("Terrell") motion for a sentence reduction pursuant to the First Step Act, Pub. L. No. 115-391, December 21, 2018, 132 Stat. 5194.

Terrell is currently serving a 382-month term of imprisonment following a jury conviction for attempted car jacking resulting in serious bodily injury in violation of 18 U.S.C. § 2119(2), possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1), using and discharging a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A), and possession of crack cocaine with intent to distribute in violation of 21 U.S.C. § 841(b)(1)(C).

The Fair Sentencing Act of 2010 reduced the sentencing disparity between cocaine base and powder cocaine offenses. Pub. L. No. 111-220, August 3, 2010, 124 Stat. 2372. The First Step Act made the Fair Sentencing Act retroactive, and thus applicable to Terrell. Pub. L. No. 115-391, December 21, 2018, 132 Stat. 5194.

Terrell's drug conviction is a covered offense under the First Step Act.[1] However, application of the First Step Act does not impact Terrell's guideline range under the United States Sentencing Guidelines ("U.S.S.G.") or the statutory provisions applicable to Terrell.

---

[1] United States v. Gravatt, 953 F.3d 258, 264 (4th Cir. 2020).

Irrespective of whether the applicable U.S.S.G. range is lowered, the Fair Sentencing Act allows for consideration of a reduced sentence for a covered offense under the Fair Sentencing Act. Pub. L. No. 115-391, December 21, 2018, 132 Stat. 5194 ("A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed."). Thus, although Terrell's guideline range did not change, he may be considered for a reduced incarceration sentence under the First Step Act. United States v. Wirsing, 943 F.3d 175, 186 (4th Cir. 2019) ("All defendants who are serving sentences for violations of 21 U.S.C. § 841(b)(1)(A)(iii) and (B)(iii), and who are not excluded pursuant to the expressed limitations in Section 404(c) of the First Step Act, are eligible to move for relief under that Act. District courts then 'may,' at their discretion, 'impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed.'"); Gravatt, 953 F.3d at 264. However, Terrell is not entitled to a full resentencing hearing because any relief obtained under 18 U.S.C. § 3582(c)(1)(B) "does not affect the finality of the original underlying sentence and judgment." United States v. Shelton, Cr. No. 3:07-329 (CMC), 2019 WL 1598921, at *3 (D.S.C. Apr. 15, 2019) (unpublished) (citing United States v. Sanders, 247 F.3d 139, 142-43 (4th Cir. 2001) (explaining "[t]he plain language of 18 U.S.C. § 3582(b) establishes that a modification of a sentence does not affect the finality of a criminal judgment."); Wirsing, 943 F.3d at 181 n.1 ("Defendant does not contest that his relief, if any, will be in the form of a limited sentence modification rather than a plenary resentencing.").

Based on the foregoing, the court will consider whether to reduce Terrell's incarceration sentence based on the record in this case, those factors set forth in 18 U.S.C. § 3553(a), and any post-sentencing mitigation. Therefore, the parties are ordered to file any pertinent information for the court's consideration by October 28, 2020.

**IT IS SO ORDERED.**

                                                               s/Henry M. Herlong, Jr.
                                                               Senior United States District Judge

October 8, 2020
Greenville, South Carolina