IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| United States of America | ) | Cr. No. 7:99-610-HMH |
| | ) | |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| Brooks James Terrell, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Defendant Brooks James Terrell's ("Terrell") motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(B). Terrell has filed numerous motions to reduce his sentence, including a motion to reduce under § 3582(c)(1)(B) based on the First Step Act, Pub. L. No. 115-391, December 21, 2018, 132 Stat. 5194.[1]  See ECF Nos. 44, 56, 80, 94, 105, 131, 164, 171, 177, 185, and 193.  The instant motion largely realleges the same grounds raised in his previous motions and ruled upon by the court.  As set forth below, there is no basis for relief under § 3582(c)(1)(B), which provides that "the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure."  Further, to the extent Terrell is seeking relief under § 3582(c)(1)(A), his motion is denied.

Terrell is currently serving a 382-month term of imprisonment following a jury conviction for attempted car jacking resulting in serious bodily injury in violation of 18 U.S.C. § 2119(2), possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1), using and discharging a firearm during a crime of violence in violation of 18 U.S.C.

---

[1] The Fair Sentencing Act of 2010 reduced the sentencing disparity between cocaine base and powder cocaine offenses. Pub. L. No. 111-220, August 3, 2010, 124 Stat. 2372. The First Step Act made the Fair Sentencing Act retroactive, and thus applicable to Terrell. Pub. L. No. 115-391, December 21, 2018, 132 Stat. 5194.

§ 924(c)(1)(A), and possession of crack cocaine with intent to distribute in violation of 21 U.S.C. § 841(b)(1)(C). Terrell filed the instant motion on December 1, 2022. (Mot. Reduce, ECF No. 193.) The court ordered the Government to respond. (Order, ECF No. 194.) The Government filed a response on December 15, 2022. (Gov't Resp., ECF Nos. 200, 201). Terrell filed a reply on January 3, 2023. (Reply, ECF No. 202.)

"A defendant who seeks compassionate release under § 3582(c)(1)(A)(i) has the burden of establishing that such relief is warranted." United States v. Edwards, 451 F. Supp. 3d 562, 565 (W.D. Va. 2020) (citations omitted). 18 U.S.C § 3582(c)(1)(A) provides that

> the court . . . may reduce the term of imprisonment . . . , after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that–
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission [.]

The Sentencing Commission's policy statement is contained in the United States Sentencing Guideline ("U.S.S.G.") § 1B1.13. Application Note 4 to U.S.S.G. § 1B1.13 states that "[t]he court is in a unique position to determine whether the circumstances warrant a reduction (and, if so, the amount of reduction), after considering the factors set forth in 18 U.S.C. § 3553(a) and the criteria set forth in this policy statement, such as the defendant's medical condition, the defendant's family circumstances, and whether the defendant is a danger to the safety of any other person or to the community."

A new policy statement has not been issued by the Sentencing Commission since the First Step Act amended § 3582(c)(1)(A)(i), allowing defendants to move the court for compassionate release. The Fourth Circuit held in United States v. McCoy, that "[t]here is as of

2

now no 'applicable' policy statement governing compassionate-release motions filed by defendants under the recently amended § 3582(c)(1)(A), and as a result, district courts are 'empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" 981 F.3d 271, 284 (4th Cir. 2020) (quoting United States v. Brooker, 976 F.3d 228, 230 (2d Cir. 2020) (emphasis in original).

In the instant motion, Terrell re-raises arguments related to U.S.S.G. 2K2.1 enhancements, U.S.S.G. grouping units, U.S.S.G. cross references, criminal history points, and the sentencing disparity between cocaine and crack. (Mot. Reduce, generally, ECF No. 193.) In addition, Terrell re-raises arguments that he is entitled to sentence reduction under § 3582(c)(1)(B) pursuant to the First Step Act. (Id., ECF No. 193.) The court has fully considered these arguments in denying Terrell's previous motions. (Orders, ECF Nos. 45, 57, 81, 96, 106, 133, 172, 184, 186.) In considering Terrell's motion for sentence reduction under the First Step Act, the court found that although Terrell's guideline range and statutory penalties did not change, he was eligible for a reduced incarceration sentence because his conviction in Count 1 constituted a covered offense. (Order, ECF No. 184.) However, after considering the 18 U.S.C. § 3553(a) factors, the court denied Terrell's motion. (Id., ECF No 184.)

In the instant motion, Terrell argues that he is entitled to a sentence reduction based on a 21 U.S.C. § 851 enhancement that he alleges is no longer applicable to him. (Mot. Reduce 7, ECF No. 194.) However, no § 851 enhancement was filed with respect to Terrell. In addition, Terrell, in conclusory fashion, alleges that the U.S.S.G. enhancements to his felon-in-possession conviction under 18 U.S.C. 922(g)(1), are no longer valid, which is without merit because the USSG 2K2.1 sentencing enhancements remain in effect. (Id. 5, ECF No. 194.) Further, Terrell

3

argues that the "Fair Sentencing Act of 2010 . . . eliminated his conviction" for possession with intent to distribute under 21 U.S.C. § 841(b)(1)(C), and has been replaced by simple possession. (Reply, ECF No. 202.) This is incorrect. Terrell was convicted of possession with intent to distribute crack cocaine under 18 U.S.C. 841(b)(1)(C), which continues to provide a statutory range of up to twenty years.

The court has fully considered Terrell's motion, Terrell's memorandum, the documents in support of his motion to reduce, and the Government's response in opposition. Based on the foregoing, Terrell's motion to reduce his sentence under § 3582(c)(1)(B) is without merit. Further, the court finds that Terrell has failed to show any extraordinary and compelling reasons to consider a reduction in his sentence under § 3583(c)(1)(A).

Further, a sentence reduction is not appropriate in light of the applicable sentencing factors in 18 U.S.C. § 3553(a).[2]

---

[2] The § 3553(a) factors include:
(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed—
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . issued by the Sentencing Commission[;]
(5) any pertinent policy statement . . . issued by the Sentencing Commission[;]
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

Terrell's offenses in the instant case were very serious, involving an attempted carjacking in which the victim was shot and suffered life-threatening injuries. (PSR, generally.) Further, although Terrell committed the offenses when he was 20 years old, he already had a significant criminal history including multiple prior drug convictions. (PSR ¶¶ 54-58.) In addition, Terrell has a 35-page prison disciplinary record that consists of numerous and extremely serious offenses, including assaulting staff, committing sexual offenses, failing to follow orders, and fighting. (Gov't Resp. (Disciplinary Information), ECF No. 201.) That Terrell alleges that his disciplinary history is "explainable" and is due to the "incompetence" of prison staff reflects Terrell's inability to accept responsibility for his own actions and be rehabilitated. In fact, Terrell is housed at the maximum security penitentiary in Florence, Colorado. Terrell cites the classes that he has taken while incarcerated, and the court commends Terrell for seeking to improve his education. (Terrell Mot. Reduce 11, ECF No. 193.) However, a review of the entirety of the record in this case reflects that he is a danger to society. Having considered the § 3553(a) factors, the court finds that Terrell's 382-month sentence promotes respect for the law, deters crime, protects the public, and is "sufficient, but not greater than necessary." Based on the foregoing and on the record in this case, the court denies the Defendant's motion to reduce his sentence.

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
Senior United States District Judge

January 6, 2023
Greenville, South Carolina

5

**NOTICE OF RIGHT TO APPEAL**

Movant is hereby notified that he has the right to appeal this order within fourteen (14) days from the date hereof, pursuant to Rule 4 of the Federal Rules of Appellate Procedure.